UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BRANDOEN J.,[1]                                                                                       6:22-cv-0470-JR

                              Plaintiff,

                                                                                                     OPINION & ORDER

      v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendants.

Russo, Magistrate Judge:

     Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income. Plaintiff asserts disability beginning June 6, 2019,[2] due to lingering effects from treatment for a brain tumor,

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

[2] At the hearing, plaintiff amended his alleged onset date to June 6, 2019, the date he filed his application. Tr. 48. While the ALJ's opinion mistakenly used his original alleged onset date of March 1, 2016, any error here is harmless. Tr. 15. Because plaintiff's application was for SSI, it was not payable until the month after the application was filled. 20 C.F.R. § 416.335. The ALJ still considered the relevant time period, finding plaintiff not disabled "since June 6, 2019, the date the application was filed." Tr. 15. Because the ALJ must consider the complete medical history for *at least* the twelve months prior to a claimant's filing date, it was not error for the ALJ to consider all the medical evidence in the record, including plaintiff's psychological evaluation from 2016. 20 C.F.R. § 416.912.

Page 1 – OPINION & ORDER

including delayed motor function, processing delays, and poor short-term memory. Tr. 63, 168. After a hearing held on April 5, 2021, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. 41-61, 24. Plaintiff contends the ALJ erred by rejecting his subjective symptom testimony. For the reasons set forth below, the Commissioner's decision is affirmed, and this case is dismissed.

Plaintiff's Symptom Testimony

In 2007, when plaintiff was nine years old, he had a non-germinomatous germ cell brain tumor of the pineal region. Tr. 317, 491. The tumor was treated with chemotherapy, surgery, and then radiation therapy. Tr. 319, 491. Following treatment, plaintiff experienced declines in cognitive function. Tr. 322. While plaintiff's medical providers at one point discussed the possibility of ongoing cognitive declines, there is no evidence in the record of continued decline. Tr. 323. There are no notes from medical providers suggesting they expect plaintiff's condition to worsen, and plaintiff's psychological evaluation scores were actually slightly higher in 2019 than in 2016. *Compare* tr. 272-289 *with* tr. 365-83.

Plaintiff qualified for special education in 2009 and received an Individualized Education Program (IEP). Tr. 269. Plaintiff testified that he "failed miserably in [his] first year of high school" because "it was too fast paced and [he] couldn't keep up with homework." Tr. 49. Plaintiff transferred to an alternative high school where he was permitted to work at his own pace and was successful in graduating with a standard diploma. Tr. 49, 273.

Plaintiff worked briefly for two to three months at a grocery store and for two to three months at a pizza parlor. Tr. 169, 186-88, 243. Plaintiff testified that he was unable to keep up with the fast-paced demands of these jobs and so he was ultimately terminated. Tr. 50.

Plaintiff contends he is unable to maintain employment because of his processing delays. Tr. 182. Plaintiff stated it takes him longer to complete tasks and that he gets physically and mentally tired more easily. Tr. 175, 182. "When I have to concentrate, I tire anywhere between 30-60 minutes." Tr. 180. Plaintiff also stated he has a hard time processing both written and verbal instructions and that it "takes longer for anything to sink in." Tr. 175, 182.

In crafting plaintiff's residual functional capacity (RFC), the ALJ credited plaintiff's testimony regarding pace and potential for distraction but found neither issue as limiting as plaintiff alleged. Tr. 19, 20, 22. To account for plaintiff's slow pace, the ALJ limited the RFC to simple, routine tasks and simple work-related decisions. Tr. 22. The ALJ also considered the potential for distraction by coworkers and limited the RFC to no more than occasional interaction with coworkers, supervisors, and the public. Tr. 22. The ALJ did find that plaintiff is able to "understand, remember, and carry-out simple instructions and work-related decisions." Tr. 22.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted). The question is not whether the ALJ's rationale convinces the court, but whether the ALJ's rationale "is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ relied primarily on plaintiff's 2016 and 2019 psychological evaluations performed by Douglas A. Smyth, Ph.D. Tr. 20-23.

In 2016, plaintiff tested at a Full Scale IQ of 84 and a General Ability Index of 92, placing him in the Low Average Range and at the 14th percentile. Tr. 276. Dr. Smyth noted plaintiff's relative deficits in working memory and processing speed and that plaintiff's "memory performance is broadly lower than expected in contrast with his global intellectual ability." Tr. 276. However, Dr. Smyth's mental status examination showed that plaintiff's short- and long-term memory appeared largely intact. Tr. 275. Plaintiff's time on the Trail Making Test, which involves visual scanning and working memory, was also within normal range. Tr. 277. Dr. Smyth also noted that plaintiff understood and remembered short, simple instructions but "appeared mildly confused" with more complex instructions. Tr. 275. Although plaintiff's pace was "slightly slow," Dr. Smyth found no unusual deficits in persistence and plaintiff's response latency was normal. Tr. 276.

In 2019, Dr. Smyth's testing provided similar results. Plaintiff's processing speed was slightly lower, but almost everything else was the same or higher. Tr. 370. Plaintiff's Full Scale IQ tested at 85 and his General Ability Index at 95, again placing him in the Low Average Range, this time at the 16th percentile. Tr. 370. Dr. Smyth noted slightly slow cognitive processing but found plaintiff's short-term memory appeared intact and plaintiff's attention span during the interview and testing was within acceptable limits. Tr. 369. Plaintiff understood and remembered short, direct instructions. Tr. 369.

The ALJ found plaintiff's activities of daily living to be further evidence that plaintiff is capable of understanding, remembering, and carrying out simple instructions. Tr. 22. Even where daily activities suggest some difficulty functioning, they may be grounds for discrediting the

Page 4 – OPINION & ORDER

claimant's testimony to the extent they contradict claims of a totally debilitating impairment. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ cited plaintiff's ability to be completely independent with self-care, including preparing meals and performing a variety of household chores. Plaintiff is also able to shop in stores and online, and to use public transportation independently. Tr. 22. The ALJ's findings are supported by substantial evidence. Plaintiff cooks "complete meals with 2+ courses" for himself and his father on a regular basis. Tr. 177. Plaintiff states that it takes him longer to cook than it would his father, but he is able to follow recipes and cook a variety of dishes from scratch. Tr. 202. Plaintiff can pay his bills, count change, handle his savings account, and use a checkbook. Tr. 224. Although plaintiff does not drive, he uses public transportation to independently attend his appointments. Tr. 225. Plaintiff stated he "always" attends his appointments, though may need occasional reminders. Tr. 225. He took the city bus to both psychological evaluations and arrived on time. Tr. 275, 369. Plaintiff's father's statement notes that plaintiff "follows instructions well once they sink in." Tr. 205.

More specifically, plaintiff contends the ALJ erred by failing to explicitly address plaintiff's statement that he "can only concentrate about 30-60 [minutes] before needing a break." Tr. 182. The allegation that the ALJ did not specifically discount this statement is harmless error. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Nothing in the record suggests that plaintiff would need the two additional breaks that plaintiff's representative posed in her hypothetical to the vocational expert during the hearing. *See* tr. 58-59. When discussing his previous employment, plaintiff did not mention a need for additional breaks. *See* tr. 50. Plaintiff's father also did not mention plaintiff's need for extra breaks. *See* tr. 200-07. Plaintiff completed the 2016 psychological evaluation with the usual breaks over the three-and-a-half-hour-

Page 5 – OPINION & ORDER

long evaluation. Tr. 276. Dr. Smyth noted that plaintiff showed no usual fatigue or deficits in persistence. Tr. 276. Similarly, in 2019, plaintiff completed the evaluation with "no unusual fatigue" and "no unusual deficits in persistence through[out] the evaluation." Tr. 370.

The ALJ provided clear and convincing reasons, supported by substantial evidence, to partially discount plaintiff's subjective symptom testimony.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 14th day of June, 2023.

                                                    /s/ Jolie A. Russo
                                                    JOLIE A. RUSSO
                                                    United States Magistrate Judge